MURRAY WRIGHT, Respondent, v. PISTELL, DEANS & Co., INC., Appellant.

Fourth Department, May 6, 1931.

*Donovan & Raichle* [*J. C. Randal* of counsel], for the appellant.

*Desbecker, Fisk & Newcomb* [*Walter C. Newcomb*], for the respondent.

PER CURIAM. Rule VIII of the Rules of the Supreme Court, Eighth Judicial District, for Erie county provides that certain

cases are entitled to preferences on the calendar, among them the following: " 4. Actions on sales of personal property, including agreements incident thereto."

Plaintiff secured an order for a preference under that rule. The complaint sets up a cause of action for damages alleged to have been caused by reason of defendant's "violation of duty " and " failure and neglect " to sell for plaintiff certain stock which defendant had bought for plaintiff and was holding for plaintiff on margins kept good by the latter and under an agreement to sell for plaintiff at any time upon plaintiff's order. The complaint alleges that the market value of the stock dropped after plaintiff had given defendant an order to sell, and that plaintiff was thereby damaged.

Defendant, appellant, makes two contentions: (1) That the complaint sets up an action in tort, and (2) that, even though it be regarded as an action in contract, it is not one within the category defined by the rule above quoted.

With the first contention we disagree. The use of the words " violation of duty " and " failure and neglect " is not sufficient to convert into a tort action one brought to recover damages for a failure to perform a contract. It is a common practice to allege " failure and neglect " to pay in actions on promissory notes.

We do, however, hold that appellant's second point is well taken. This could not be an action " on a sale of personal property," for there was no sale. Nor is the action one brought on a contract " incident to a sale," for that phrase means appertaining to, or depending upon, a sale. Plaintiff complains because there was not a sale. We hold that, in general, contracts between principal and agent and contracts between customer and broker are not contracts of sale or contracts incident thereto. "Actions on sales of personal property," ordinarily at least, arise where there have been sales of personal property.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.